Tompkins, J.,
delivered the opinion of the Court.
Simonds complained of Levi Pettibone, administrator of Rufus Pettibone, that he had not paid to him a large sum of money which the deceased in his life time owed. He states that Rufus Pettibone in bis life time, on the 32th February, 3824, by deed assigned to him for valuable consideration, the one half of a debt due from Risdon H. Price to him the said Rufus, and to Levi Pettibone, the administrator 5 that this assignment was known to the administrator and was frequently the subject of conversation between them: but that he did not, till the 31th day of November, 3829, exhibit his claim to the administrator. Letters of administration had beentaken out by Levi Pettibone on 24th October, 3824.
The administrator in bis answer, admits that he rendered an account of a debl due from said Price to himself and the deceased, such as set out in the bili 5 but says that Price in reality owed nothing, and explains the matter thus : that he and the deceased had, at the time of the assignment in the bill mentioned, a joint lien on a tract of land which Price had purchased, after their lien had attached, and that believing that Price would pay them the money, secured by such lien, he had so reported the claim and had always in common parlance called it a debt due from Price. He admitted that he had collected the money, but asserted that he had by order of the County Court, paid over to such creditors as had come in, all the funds of the estate and that it was insolvent. The assignment was made on a separate piece of paper and not on the instrument by which the debt due to Levi and Rufus Pettibone was secured 5 and distribution of assets had been made by order of the County Court. The question to be decided is, was the administrator as such, accountable to Simonds for the money collected on the debt due from Price so called.
By our statute, bonds, bills and promissory notes for property ormoney, are assignable : and the assignee has as full control of the papers so assigned as the payee he-fore assignment had 5 but here was a lien on a tract of land, or at most a demand on Risdon H. Price, belonging to two persons, the one half of which is on a separate piece of paper, assigned to the complainant by one of the persons only.
The other person interested in this demand, administers on the estate of his partner in the demand, and it is insisted that he as administrator, is botmd to take notice of the assignment by his intestate. Our statute of assignment certainly does not aid the complainant: and as the assignment by the intestate did not give the assignee the right of the possession of the evidence of the demand on Price so called, no reason can be seen why the administrator was bound to notice the demand o.f the complain-that of other creditor.
*234 The complainant having failed to exhibit bis demand to the administrator within three years after letters of administration were taken out as required by law, we are of opinion that his demand is barred. The decree of the Circuit Court is, therefore, reversed.